UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BLUE INTERNATIONAL GROUP,
INC.,

    Plaintiff,

v.                            Case No.:  2:24-cv-162-SPC-KCD

AMERICAN ZURICH
INSURANCE COMPANY,

    Defendant.
_____/

## **OPINION AND ORDER**

Before the Court is Defendant's Response (Doc. 12) to the Court's Show-Cause Order (Doc. 11).  For the reasons discussed below, the Court remands this action.

A defendant may remove a civil action from state court if the federal court has original jurisdiction.  *See* 28 U.S.C. § 1441(a).  "The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008); 28 U.S.C. § 1447(c).  And "a removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

Defendant removed this insurance action and invoked diversity jurisdiction.  Federal courts have diversity jurisdiction over civil actions where

there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). The parties here are diverse. And because Plaintiff's complaint seeks only "damages in excess of FIFTY THOUSAND DOLLARS ($50,000.000)," Defendant relies on Plaintiff's Notice of Intent to Initiate Litigation (NOI) to argue the amount in controversy exceeds $75,000. In that document, Plaintiff demands $157,500. (Doc. 1-4). Defendant did not provide any other evidence of the amount in controversy. Skeptical, the Court ordered Defendant to show cause why it should not remand this action. (Doc. 11).

Instead of providing additional evidence to prove the amount in controversy, Defendant spins its wheels explaining the differences between NOIs and Civil Remedy Notices. This matters because, according to Defendant, a conclusory demand in an NOI is enough to establish the amount in controversy. According to Defendant, it "did not find any cases concluding the opposite." (Doc. 12 at 4).

Perhaps the Court's show-cause order should have inspired a more thorough search. Whether the document is an NOI or Civil Remedy Notice is immaterial. Courts have held that a conclusory demand in an NOI, without specific details or supporting documents, does not prove the amount in controversy by a preponderance of the evidence. *See, e.g.*, *Finnecy v. Scottsdale Ins. Co.*, No. 2:23-CV-1067-SPC-KCD, 2023 WL 9110867, at *1 (M.D. Fla. Dec.

21, 2023).[1] What matters is whether the NOI contains "specific information to support the plaintiff's claim for damages and thus offer[s] a reasonable assessment of the value of the claim." *Lamb v. State Farm Fire Mut. Auto. Ins. Co.*, No. 3:10-CV-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010) (cleaned up).  Here, the NOI contains no specific information to support the $157,500 demand.  So it cannot establish the amount in controversy.

Finally, in Defendant's wherefore clause it throws in a request for leave of Court to serve jurisdictional discovery on Plaintiff.  Defendant does not provide any argument in support of this relief.  Generally, "jurisdictional discovery should be conducted *before* removal—not *after*." *Kampsky v. Meester*, No. 3:23-CV-1216-MMH-PDB, 2023 WL 7647253, at *4 (M.D. Fla. Nov. 15, 2023) (citation omitted).  The Court denies the request to allow jurisdictional discovery.

Accordingly, it is now

**ORDERED:**

1. This action is **REMANDED** to the Twentieth Judicial Circuit in and for Charlotte County, Florida.

---

[1] Defendant provides two unpersuasive opinions supporting jurisdiction.  One of them considered a NOI along with an "adjuster's detailed damages estimate." *Westview Realty, Corp. v. Westchester Surplus Lines Ins. Co.*, No. 0:23-CV-61031-DPG, 2023 WL 6531341, at *1 (S.D. Fla. Oct. 6, 2023).  Here, we do not have a detailed damages estimate or any other specific information to corroborate the demand in the NOI.  Somehow Defendant misses this point, which is also the entire point of the Court's show-cause order.

3

2. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Twentieth Judicial Circuit in and for Charlotte County, Florida.

3. The Clerk is **DIRECTED** to deny any pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on March 20, 2024.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record